IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

DARRYL WRIGHT,

      Plaintiff,                    Civil Action No.
                                                3:14-CV-0047 (GTS/DEP)

      v.

MARTIN E. SMITH, *et al.*,

      Defendants.

_____

APPEARANCES:

FOR PLAINTIFF:

DARRY WRIGHT, *Pro Se*
14-B-0271
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13024

FOR DEFENDANTS:

[NONE]


DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT, RECOMMENDATION, AND ORDER

*Pro se* plaintiff Darryl Wright has commenced this action, pursuant to 42 U.S.C. § 1983, claiming deprivation of his civil rights. Plaintiff alleges that the defendants, who include a sitting Broome County Court Judge, an Assistant Broome County District Attorney, three private attorneys, a court reporter, and "a transcriber/typist," violated his civil rights during the course of a prosecution against him that led to a criminal conviction. In addition to filing a complaint in this matter, plaintiff has requested (1) a preliminary injunction enjoining the Broome County Court from sentencing him, (2) leave to proceed *in forma pauperis* ("IFP"), and (3) appointment of counsel.

Plaintiff's complaint and accompanying applications have been forwarded to me by the clerk of the court for review. For the reasons set forth below, I recommend that plaintiff be granted IFP status, his complaint be dismissed, and his motions for a preliminary injunction and appointment of counsel be denied as moot.

I. BACKGROUND

Liberally construed, plaintiff's complaint alleges that his constitutional rights were violated by the defendants in connection with a state court criminal conviction for assault in the second degree. *See generally* Dkt.

No. 1. Specifically, plaintiff's complaint alleges that defendant Martin Smith, a Broome County Court Judge, permitted defendant Stephanie Mills, a Broome County Assistant District Attorney, to proceed against plaintiff with an insufficient felony indictment charging two counts of assault in the first degree and criminal possession of a weapon in the fourth degree. *Id.* at 8. According to plaintiff, although another Broome County Assistant District Attorney filed a notice that her office would seek a superseding indictment against plaintiff, defendant Smith "told the [attorney] just to tr[y] [plaintiff] upon the present[] indictment." *Id.* at 8.

According to the complaint, defendants Sal Latona, Vincent Accardi, and Torrance Schmitz are all attorneys who represented plaintiff in the underlying criminal prosecution in Broome County. *See generally* Dkt. No. 1. Liberally construed, plaintiff's complaint alleges that those defendants did not provide plaintiff constitutionally sufficient assistance of counsel. *Id.*

The complaint also accuses defendants Catherine Andrew and Clare Williams, who are apparently court reporters in Broome County, of denying plaintiff his right to appeal by "fail[ing] to provide plaintiff a record of all the proceeding[s]" in state court. Dkt. No. 1 at 5.

3

As a result of all of those allegations, plaintiff asserts due process, equal protection, and ineffective assistance of counsel claims against the named defendants. Dkt. No. 1 at 5. Plaintiff's complaint seeks only injunctive relief (1) enjoining defendant Smith from issuing a sentence in connection with the underlying criminal conviction, and (2) vacating any sentence imposed.

II. DISCUSSION

    A. Application to Proceed *In Forma Pauperis*

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. §§ 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1). In this instance, because I conclude that plaintiff meets the requirements for IFP status, his application for leave to proceed IFP is granted.

B. Sufficiency of Plaintiff's Claims

1. Legal Standard Pursuant to 28 U.S.C. § 1915(e)

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in his complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). However, the court also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g.*,

5

*Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court looks to applicable requirements of the Federal Rules of Civil Procedure for guidance. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,

the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

  2. <u>Analysis</u>

 Plaintiff has commenced this action pursuant to 42 U.S.C. § 1983, Dkt. No. 1, which "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)). Section 1983 "'is not itself a source of substantive rights[,] . . . but merely provides 'a method for vindicating federal rights elsewhere conferred[.]'" *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). In order to state a claim pursuant to section 1983, a plaintiff must allege "(1) 'that some person has deprived him of a federal right,' and (2) 'that the person who has deprived him of that right acted under color of state . . . law.'" *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).

 As discussed above, plaintiff's complaint asserts due process, equal protection, and ineffective assistance of counsel claims against the named

defendants. *See generally* Dkt. No. 1. Those claims arise from alleged constitutional violations that occurred in connection with his underlying criminal conviction entered in state court. *Id.* Wright seeks injunctive relief enjoining defendant Smith from sentencing him with respect to the criminal conviction and requests the court to vacate any sentence imposed.[1] *Id.* at 6. It is well-established, however, that the proper remedy for any claim that may alter the fact or duration of plaintiff's incarceration is by way of a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Jenkins v. Haubert*, 179 F.3d 19, 24 (2d Cir. 1999) ("[F]or those cases . . . in which a prisoner challenges the fact or length of his confinement. . . [,] habeas is the exclusive federal remedy, at least where the prisoner seeks an injunction affecting the fact or

---

[1] Based on the chronology of events discussed in his complaint, and the fact that plaintiff has advised the court of a change of address from Binghamton Correctional Facility to Auburn Correctional Facility (a state prison), it appears that plaintiff has been sentenced. Accordingly, his request for an injunction enjoining defendant Smith from sentencing him is moot.

length of his incarceration.").

Although the appropriate vehicle for raising the claims now asserted in plaintiff's complaint is through the filing of a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, it appears that such a petition would be premature at this juncture. At the time plaintiff filed his complaint, he had not yet been sentenced in state court. *See* Dkt. No. 1 at 6 (requesting injunction enjoining defendant Smith from sentencing plaintiff on January 10, 2014). Although his relocation to a state prison suggests the answer, it is not clear from the record whether judgment has been entered in the underlying state criminal action. *See Lindsey v. Kruegler*, No. 07-CV-0800, 2007 WL 2903502, at *1 (N.D.N.Y. Oct. 1, 2007) (Sharpe, J.) (dismissing a habeas petition as premature because the petitioner was awaiting trial). Moreover, even assuming that plaintiff could demonstrate that a judgment against him has been entered in connection with the underlying criminal conviction, any request by the plaintiff for habeas relief under section 2254 may generally be heard by a federal court only after he has fully exhausted his claims by presenting them to the state's highest court. 28 U.S.C. § 2254(b)(1)(A); *Lindsey*, 2007 WL 2903502, at *1. In light of the fact that plaintiff was just recently convicted and sentenced, it

10

would be impossible for plaintiff to have exhausted the available state court remedies prior to filing this action. Thus, I find that, to the extent that plaintiff's complaint could be construed as a petition for habeas corpus, I recommend it be dismissed without prejudice for failing to exhaust available state court remedies. *See Diguglielmo v. Senkowski*, 42 F. App'x. 492, 496 (2d Cir. 2002) ("[B]ecause the New York Court of Appeals has not yet had an opportunity to address [petitioner]'s federal claims, comity requires that we allow that court an opportunity to do so. Accordingly, we dismiss [the] petition without prejudice. This will allow [petitioner] to pursue any procedural options available to him in New York state court, and then take whatever steps may be appropriate to return to federal court if necessary." (footnote omitted)).

Based upon the foregoing, I recommend that plaintiff's complaint be dismissed.

C. <u>Whether to Permit Amendment</u>

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ.

11

P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this instance, the deficiencies identified in this report with respect to plaintiff's section 1983 claims are substantive in nature and extend beyond the mere sufficiency of plaintiff's complaint. Accordingly, because I find that any amendment that might be offered by plaintiff would be futile, I

recommend against granting him leave to replead any his section 1983 claims. Plaintiff should be permitted, however, to refile a petition for writ of habeas corpus once he has properly exhausted state court remedies in accordance with 28 U.S.C. § 2254.

III. <u>SUMMARY AND RECOMMENDATION</u>

Having reviewed plaintiff's IFP application, I find that he qualifies for IFP status in this action. His complaint, however, seeks relief in the form of immediate release from incarceration, which is not permitted by way of a section 1983 action. Accordingly, I recommend that his section 1983 claims in this action be dismissed, without leave to replead. I further recommend that his motions for appointment of counsel and for a preliminary injunction be denied as moot. Based upon the foregoing it is hereby

ORDERED that plaintiff's application for leave *in forma pauperis* (Dkt. No. 2) is GRANTED; and it is further hereby respectfully

RECOMMENDED that plaintiff's complaint in this action be dismissed, *sua sponte*, to the extent it asserts cause of action under 42 U.S.C. § 1983, for failure to state a claim, without leave to amend, but that he be permitted

to refile a habeas petition after he complies with the exhaustion requirements under the relevant provisions; and it is further

RECOMMENDED that his pending motions for a preliminary injunction and appointment of counsel be denied as moot.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated: March 6, 2014
Syracuse, New York

David E. Peebles
U.S. Magistrate Judge

14