UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DARRYL WRIGHT,

        Plaintiff,
                      3:14-CV-0047
v.                        (GTS/DEP)

MARTIN E. SMITH, Broome Cnty. Court Judge;
TORRANCE L. SCHMITZ, Attorney at Law;
STEPHANIE M. MILKS, Assis. Dist. Attorney;
CATHERINE A. ANDREWS, Sr. Court Reporter;
CLARE E. WILLIAMS, Transcriber/Typist;
VINCENT ACCARDI, Attorney at Law; and
SALVATORE M. LATONA, Attorney at Law,

        Defendants.
_____

APPEARANCES:                OF COUNSEL:

DARRYL WRIGHT, 14-B-0271
 Plaintiff, *Pro Se*
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13024

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

   Currently before the Court, in this *pro se* prisoner civil rights action filed by Darryl Wright ("Plaintiff") against the seven above-captioned individuals ("Defendants"), are United States Magistrate Judge David E. Peebles' Report-Recommendation recommending that Plaintiff's complaint be dismissed in its entirety, and Plaintiff's Objection to the Report-Recommendation. (Dkt. Nos. 8, 10.) After carefully reviewing the relevant filings in this action, the Court can find no error in the Report-Recommendation, clear or otherwise: Magistrate Judge Peebles employed the proper standards, accurately recited the facts, and

reasonably applied the law to those facts. As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein. (Dkt. No. 8.)

The Court would add only that Plaintiff's argument in his Objection (i.e., that he cannot exhaust a claim challenging the sufficiency of the evidence before a grand jury) is immaterial given the threshold reasons for Magistrate Judge Peebles' recommendation of dismissal: (1) that the proper remedy for any claim that may alter the fact or duration of plaintiff's incarceration is not by way of a civil rights complaint pursuant to 42 U.S.C. § 1983, but by way of a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254; and (2) Plaintiff has not demonstrated that a judgment against him has been entered in connection with the underlying criminal conviction. The Court emphasizes that, to the extent that Plaintiff's seeks to assert a claim under 28 U.S.C. § 2254, he may do so after he pursues any procedural options available to him in New York State court, and then takes whatever steps may be appropriate to return to federal court. *Diguglielmo v. Senkowski*, 42 F. App'x 492, 496 (2d Cir. 2002).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 8) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's letter motion for the appointment of counsel and for a preliminary injunction (Dkt. No. 4 and 5) is **DENIED as moot**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED with prejudice** to the extent it asserts a claim under 42 U.S.C. § 1983, and **without prejudice** to the extent that it seeks to assert a claim under 28 U.S.C. § 2254.

Dated: June 5, 2014
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge